IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY W. HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 6004 |
| | ) | Honorable Marvin E. Aspen |
| SENATOR RICHARD J. DURBIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

MARVIN E. ASPEN, District Judge:

On July 8, 2015, Plaintiff Tommy W. Howard filed a complaint and a petition to proceed *in forma pauperis* ("IFP") with this purported action against United States Senator Richard J. Durbin. Howard also requests appointment of counsel. As discussed below, we deny the IFP petition and request for counsel. We also dismiss the complaint without prejudice.

Before granting leave to file *in forma pauperis*, we must determine whether or not Howard is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of Howard's complaint and dismiss the action if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Shropshear v. Corp. Counsel of the City of Chi.*, 99 C 5913, 2000 WL 28270, at *1 (N.D. Ill. Jan. 10, 2010) ("The screening process begins the moment the petitioner files his [IFP] application, so a court may dismiss a complaint at the same time as it denies leave to file [IFP]."). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires that a complaint contain "enough facts to state a claim to relief that is plausible on its

1

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 1974 (2007); *see also George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007).

### A. Indigence

We begin by evaluating Howard's claim of indigence. In his financial affidavit, Howard indicates that he is not currently employed, has not been employed for more than ten years, and has no dependents. (Fin. Aff. ¶¶ 2, 1–11.) According to his sworn declaration, Howard's only source of income within the last twelve months has been social security benefits, of an unspecified sum. (*Id.* ¶ 4d.) Howard states that he has not received any additional wages, benefits, gifts, public assistance, or other income of any kind. (*Id.* ¶ 4.) He further reports that he has less than $200 in any bank account, does not own stocks or similar property, and owns no interest in real estate or other valuable property. (*Id.* ¶¶ 5–9.)

When evaluating a plaintiff's claim of indigence, we typically consult the current Department of Health and Human Services Poverty Guidelines, which sets the guideline for a single-person household at $11,770. We have "wide discretion to decide whether a litigant is impoverished." *Merritte v. Templeton*, 493 F. App'x 782, 784–85 (7th Cir. 2012). Howard was required to disclose any and all income and support on his financial affidavit. (*See, e.g.*, Fin. Aff. ¶ 4.) Here, however, Howard omitted critical information needed to assess his financial status: the amount of social security benefits he receives. (*Id.* ¶ 4d.) Without that information, and details as to any other support he may receive, we cannot assume that he falls under the poverty threshold. Because Howard has not established his indigence, we are obligated to deny his IFP petition and motion for counsel.

B.   **Sufficiency of Complaint**

Although we need not address the sufficiency of the complaint, we elect to do so to identify an issue Howard must address if he wishes to pursue this lawsuit. Because Howard is proceeding pro se, we have a responsibility to construe his complaint liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

Based on our reading of the disjointed complaint, Howard repeatedly contacted Senator Durbin asking for assistance with a dispute with the Department of Veterans Affairs ("VA"). (*See* Compl. & 8/27/13 Ltr. to Durbin.) Howard disagrees with the VA's conclusions as to his health claims and, presumably, related benefits. Howard filed this lawsuit because he is unsatisfied with Senator Durbin's response (or lack thereof) to his requests for assistance and intervention in the VA dispute. He alleges that Senator Durbin violated his oath of office, aided the VA in violating Howard's constitutional rights, and failed to reply to the constitutional complaint of a United States citizen. (Compl. ¶ 10 & 7/1/15 Ltr.)

As Judge Tharp recently explained in a very similar case filed by Howard against Senator Mark Kirk,[1] senators are not obligated to respond to a letter from a constituent. *Howard v. Kirk*, 15 C 6003 (N.D. Ill. July 21, 2015) (order dismissing the initial complaint for failure to state a claim); *see, e.g.*, *United States v. Brewster*, 408 U.S. 501, 512, 92 S. Ct. 2531, 5237 (1972) (noting that the "wide range of legitimate 'errands'" performed by representatives for their constituents are "political in nature rather than legislative" and are not protected by the Speech or Debate Clause of the Constitution). Nor does a senator have the duty or authority to force a federal agency to take, or refrain from, any particular action. *Howard*, 15 C 6003 (N.D. Ill.

---

[1] Howard also recently filed a lawsuit against the VA. Judge Kendall presided over that action, which she dismissed on August 12, 2015 for lack of subject matter jurisdiction. *Howard v. Dep't of Veterans Affairs*, 15 C 4230 (N.D. Ill. Aug. 12, 2015) (holding that the mechanisms set forth in the Veterans Judicial Review Act precluded review of Howard's claim in district court).

July 21, 2015); *see, e.g.*, *Perez v. Mortgage Bankers Ass'n*, 135 S. Ct. 1199, 1216–17 (2015) (discussing the Framers' implementation of checks and balances to reinforce the separation of power between the three branches of federal government) (Thomas, J., concurring); *ATX, Inc. v. United States Dep't of Transp.*, 41 F.3d 1522, 1527 (D.D.C. 1994) (noting that Congressional interference, as sought by Howard, can taint and invalidate an administrative adjudication). Howard's claims against Senator Durbin therefore must be dismissed.

Although it is unclear how Howard could amend his complaint to cure the pleading deficiency explained herein, we are not prepared to foreclose that possibility. *See Dixie v. Shrimpus*, 14 C 73, 2014 WL 1207427, at *4 (N.D. Ind. Mar. 24, 2014); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022–23 (7th Cir. 2013) (concluding that litigants proceeding IFP may amend their complaints to the full extent provided by Rule 15); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Accordingly, we dismiss Howard's complaint without prejudice. If Howard can plausibly amend his complaint, consistent with Rule 11 of the Federal Rules of Civil Procedure and this order, he may do so no later than September 30, 2015. *See* Fed. R. Civ. P. 11(a)–(b) (explaining, among other things, that, by signing a complaint, a pro se plaintiff represents to the court that the factual allegations included therein have evidentiary support and that the legal claims are warranted).

## CONCLUSION

We deny Howard's IFP petition as insufficient and his motion for appointment of counsel as moot. If Howard wishes to proceed with this action, he must: (1) amend his IFP petition or pay the filing fee; and (2) amend his complaint, as discussed above. If Howard fails to take either of these necessary steps by September 30, 2015, we will close this case. It is so ordered.

                                                          _____
                                                          Marvin E. Aspen
                                                          United States District Judge

Dated: August 31, 2015
        Chicago, Illinois